UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK SANDRU,<br>            Plaintiff,<br><br>v.<br><br>TD AMERITRADE, INC.,<br>            Defendant. | Case No. 1:13-cv-00076-REB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## I.   INTRODUCTION

Pending before the Court is Defendant TD Ameritrade, Inc.'s Motion to Dismiss or Compel Arbitration. (Dkt. 7). Ameritrade requests the Court dismiss Plaintiff's Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, compel Plaintiff to arbitrate his claims with the Financial Industry Regulatory Authority.

Plaintiff responded to Defendant's Motion to Dismiss/Compel with two filings (Dkts. 12 & 13) and then filed a Motion for Summary Judgment (Dkt. 16), a "Supplemental Request to Dismiss the Defendant[']s Motion to Dismiss" (Dkt. 17), and a "Request for Permission to File and Amended Statement of Claim" (Dkt. 23). Plaintiff also argues that the Court does not have subject matter jurisdiction in this case and it was

**MEMORANDUM DECISION & ORDER - 1**

improperly removed. (Dkt. 24). Defendant asks that the Court strike Plaintiff's Supplemental Request to Dismiss (Dkt. 17) and a variety of other filings not authorized under the Federal Rules of Civil Procedure or the Court's Local Rules. (Dkts. 21-1 & 31).

## II.  BACKGROUND

On January 17, 2013, Plaintiff Patrick Sandru ("Sandru"), appearing *pro se*, filed a Complaint in Idaho state small claims court, seeking to require Defendant TD Ameritrade, Inc. ("Ameritrade") to deliver physical certificates of Bancorp International Group Inc. ("Bancorp") stock he purchased for $609.95 through his Ameritrade account. Pl.'s Rebuttal, p. 2 (Dkt. 12). Plaintiff's Complaint alleges, in full:

> On 08/30/05 I bought 30,000 shares in Bancorp International Group Inc. through my broker TD Ameritrade Inc. On 09/27/11 I asked for a certificate for purchased shares and this was refused. I have asked several times since then and all my requests have been refused. I asked for a refund and that too was refused on the grounds that my trades were good and valid. Now I want a physical certificate for my shares.

Daniels Declr., Ex. 1. *See also* Pl.'s Rebuttal, p. 1 (Dkt. 12). Ameritrade timely sought removal of Sandru's Complaint to this Court on February 13, 2013, asserting that "[a]lthough Plaintiff's complaint is perfunctory, [he] appears to assert a right to delivery of physical shares of stock pursuant to SEC Rule 15c3-3 . . ." Notice of Removal, p. 2 (Dkt. 1).

**MEMORANDUM DECISION & ORDER - 2**

Sandru first argued in response to the Motion to Dismiss that he has an "Absolute Right" under Section 15(c)(3) of the Securities Exchange Act of 1934[1] to "become a shareholder of record and be shown on the company books as a shareholder". Pl.'s Rebuttal, p. 1 (Dkt. 12). He also argued that he wants to be listed on Bancorp's books "as a shareholder, not as a beneficial shareholder" and he can only do that if he has a physical certificate. Pl.'s Rebuttal, p. 3 (Dkt. 12). Finally, his initial response asserted that Ameritrade "breached [its] own contractual obligations to comply with the Federal securities laws as specified in their own brokerage agreement." *Id.*, p. 2.

Although Sandru's Complaint did not cite to the Securities and Exchange Act, he readily relied on it as the basis for his Complaint in his response to the Motion to Dismiss (*see* Dkt. 12). As this case progressed, and presumably because Ameritrade pointed out that "[n]umerous courts have held that Section 15(c)(3) of the Securities Exchange Act does not contain an express or implied private right of action,"[2] Sandru sought other legal grounds for his Complaint. His Motion for Summary Judgment also referred to claims

---

[1] Section 15(c)(3) of the Securities Exchange Act of 1934 and SEC Rule 15c3-3 govern brokers' responsibilities to customers and custody and delivery of shares.

[2] *See, e.g., Kidder Peabody & Co., Inc. v. Unigestion Intern., Ltd.*, 903 F.Supp. 479, 494 (S.D.N.Y. 1995); *Carapico v. Philadelphia Stock Exchange*, Civ. A. No. 93–3066, 1994 W L 50295, *2-3 (E.D.Pa. Feb. 14, 1994); Def.'s Mem., pp. 7-8 (Dkt 7-1) (citing other cases).

**MEMORANDUM DECISION & ORDER - 3**

brought under the Uniform Commercial Code and a Nevada statute.  Pl.'s Mot. Summ. Jdmt., pp. 1-3 (Dkt. 16).³

However, it was not until a more recent filing—in which he requested that the case be remanded to state court—that Sandru argued this case involves "a simple property dispute and amounts to a chose in action."  Pl.'s Mem., p 1 (Dkt. 24-1).  Despite his reliance on the Securities and Exchange Act in his initial response to the Motion to Dismiss, Sandru emphasizes in his request for remand that nothing in his original Complaint references that Act.  Pl.'s Mem., p 2 (Dkt. 24-1).

In short, Sandru repeatedly remodeled his claim and filed briefing not authorized by the rules, thereby adding to the materials potentially relevant to the motion to dismiss and delaying a decision on the motion to dismiss while shifting the basis of his claim. The Court is mindful that Sandru is appearing *pro se* in this case, but that status "does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Shaw v. Lehman Bros. Bank, FSB*, CV09–40–S–BLW, 2009 WL 1521566 *1 (D.Idaho May 28, 2009) (citing *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D.Nev. 2002)).  Although the Court will "construe the allegations of the complaint liberally and [afford Sandru] the benefit of any doubt."  *Shaw*, 2009 WL 1521566 *1 (citing *Wanxia LIAO v. Ashcroft*, No. C 08–2276 PJH, 2009 WL 636116, *2

---

³ In yet another filing, his final to date, Sandru asserts that his claim is brought under the Uniform Commercial Code, revised Article 8, which is governed by state law. *See* Pl.'s Mem., p.5 (Dkt. 27) (citing U.C.C. § 8-508).

**MEMORANDUM DECISION & ORDER - 4**

(N.D.Cal. 2009)), it also will rely on Sandru's initial representations about the legal grounds for his Complaint and will not "supply essential elements of the claim that were not initially pled." *Id.* (citing *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

### III.   DISCUSSION

**A.   Removal Jurisdiction**

The Court has an independent duty to assess whether it has jurisdiction over this action. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). *See also DaPron v. Verska*, No. 1:12–CV–00246–EJL2013, WL 959335, *3 (D.Idaho Mar. 12, 2013.

However, whether a case "arises under" federal law, must be determined from Sandru's own statement of his claim. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002) (focusing on the plaintiff's complaint). Although Sandru did not list the legal grounds for his cause of action in his Complaint, he initially acquiesced to removal and asserted the he had a right to possess the Bancorp certificates under the Securities and Exchange Act. He maintained that position in more than one brief, only changing course as to the grounds for his claim after Ameritrade pointed out

**MEMORANDUM DECISION & ORDER - 5**

that Section 15(c)(3) of the Securities Exchange Act, although largely covering the filed of potential claims for actions involving nationally traded securities, does not provide a private right of action for the type of relief Sandru seeks here. *See* discussion at Section II *supra*.

The operative time to consider whether removal is proper is when the removal petition is filed. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir. 1998). Although jurisdiction must be rejected if there is any doubt as to the right of removal, *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996), here, Sandru asserted a right under Section 15(c)(3) of the Securities Exchange Act after his Complaint was removed to federal court and he did not list any other legal grounds for his Complaint either in his Complaint or his initial briefing in this case. *See, e.g.*, Dkt. 12. Moreover, the federal government has broadly pre-empted state regulations for nationally traded securities that "differ from, or are in addition to" the requirements of Section 15 of the Exchange Act. *See* 15 U.S.C. § 78o(i)(1). Thus, even if private enforcement under Section 15(c)(3) of the Securities Exchange Act is precluded, the Act may, in some circumstances, provide the only grounds for a remedy when a dispute arises regarding nationally traded securities. Accordingly, the Court finds that federal question jurisdiction existed at the time of removal.

### B.     Motion to Compel Arbitration

Ameritrade argues that Sandru's claim must be arbitrated pursuant to his account agreement with Ameritrade.  *See* Def.'s Mot. (Dkt 7).  Although this was raised as an alternative to Ameritrade's proposed dismissal of this case, Sandru asserts that he has raised other claims in addition to any potential claim raised under the Securities and Exchange Act (whether such a claim is ultimately viable or not); thus, dismissal of any claim under Section 15(c)(3) of the Securities Exchange Act of 1934 will not necessarily result in dismissal of the entire case.  Regardless, Sandru's remedy is to arbitrate this dispute, whatever the particular grounds are for his assertion that he is entitled to a refund or possession of physical certificates.

Sandru's agreement with Ameritrade includes the following "Terms and Conditions", in bold type:[4]

> All controversies concerning (a) any transaction, (b) the construction, performance or breach of this or any other agreement, whether entered into prior to, on or after the date of this Agreement, or (c) any other matter which may arise between Ameritrade or its representatives and me shall be determined by arbitration in accordance with the rules of the National Association of Securities Dealers, Inc.

---

[4] Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866, n. 1 (9th Cir. 2004).  The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**MEMORANDUM DECISION & ORDER - 7**

*See* Daniels Dec., Ex. 6, at 7-8.  The Federal Arbitration Act provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable . . . ."  9 U.S.C. § 2.  Although the National Association of Securities Dealers, Inc., is now referred to as the Financial Industry Regulatory Authority ("FINRA"), submitting claims to binding arbitration was the parties' contemplated remedy.  The fact that the name of the arbitration entity has changed does not alter the parties' agreement to arbitrate claims arising under their agreement.

Plaintiff suggests that Ameritrade waived their right to compel arbitration by removing this case to federal court.  Dkt. 27, pp. 5-6.  The Court disagrees.  *See Bauscher v. Brookstone Securities, Inc.*, 2012 WL 3100383, at *5-*6 (D. Idaho, July 30, 2012) (no waiver when defendant delayed filing motion to compel arbitration three-and-one-half months after removal).  Moreover, the dispute raised here, *i.e.*, whether Ameritrade must provide Sandru with the physical certificates or a refund, falls squarely within the agreement to arbitrate all controversies regarding the performance or breach of any of the parties' agreements.  *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998) (applying "ordinary state-law principles that govern the formation of contract" to interpreting arbitration agreements).

Requiring arbitration of any claims (however modeled) that Sandru could assert under the agreement comports with the procedure other similarly allegedly aggrieved

**MEMORANDUM DECISION & ORDER - 8**

purchasers of Bancorp shares have followed.  Sandru points out that: "The defendants have faced five other such claims as mine for delivery of certificates from other [Bancorp] Investors and of those cases four have been compelled to arbitration and one has been arbitrated and an award issued." Dkt. 23, p. 1.  Accordingly, requiring arbitration of this dispute is not only compelled by the application of contract principles to the parties' agreement in this case, but also is a process that has been used, sometimes successfully, by others who purchased Bancorp shares from Ameritrade.  For all these reasons, the Court will grant Ameritrade's motion to compel arbitration.

## CONCLUSION

Whatever the legal grounds for Sandru's Complaint, those claims must be submitted to arbitration.  Therefore, it is not necessary for the Court to consider whether any formal amendment of Sandru's Complaint should be allowed.  Regardless of the label to be put on any Sandru's claims, those claims seek a refund or delivery of physical certificates, fall within the parties' arbitration agreement, and accordingly must be arbitrated.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss or Compel Arbitration (Dkt. 7) is GRANTED, in part, as set forth above. Specifically, all claims asserted by Sandru must be submitted to arbitration. To the extent Defendant's Motion seeks any other relief, it is DENIED, as moot at this point in time.

2) All other motions/requests (Dkts. 7, 16, 17, 21, 23, 24, and 31) also are DENIED as moot.

3) This Clerk of the Court shall administratively close this case. The parties may seek to re-open the case if any issues related to the arbitration arise that can appropriately be brought to the Court for resolution.

DATED: **September 17, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge