UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK SANDRU,<br>     Plaintiff,<br><br>  v.<br><br>TD AMERITRADE, INC.,<br>     Defendant. | Case No. 1:13-cv-00076-REB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

  Pending before the Court are Plaintiff Patrick Sandru's Motion to Reopen Case (Dkt. 33), Defendant TD Ameritrade, Inc.'s Motion to Confirm the Arbitration Award (Dkt. 35), Defendant's Motion for Leave to File Sur-Reply (Dkt. 47), and another Motion for Leave to File Sur-Reply (Dkt. 52), filed by Defendant the day before the Court entered this Order.

## BACKGROUND

  On January 17, 2013, Plaintiff Patrick Sandru ("Sandru"), appearing *pro se*, filed a Complaint in Idaho state small claims court, seeking to require Defendant TD Ameritrade, Inc. ("Ameritrade") to deliver physical certificates of Bancorp International Group Inc. ("Bancorp") stock he purchased for $609.95 through his Ameritrade account. Pl.'s Rebuttal, p. 2 (Dkt. 12).  Sandru's Complaint alleged, in full:

**MEMORANDUM DECISION & ORDER - 1**

> On 08/30/05 I bought 30,000 shares in Bancorp International Group Inc. through my broker TD Ameritrade Inc. On 09/27/11 I asked for a certificate for purchased shares and this was refused. I have asked several times since then and all my requests have been refused. I asked for a refund and that too was refused on the grounds that my trades were good and valid. Now I want a physical certificate for my shares.

Daniels Declr., Ex. 1. *See also* Pl.'s Rebuttal, p. 1 (Dkt. 12). Ameritrade timely sought removal of Sandru's Complaint to this Court on February 13, 2013, asserting that "[a]lthough Plaintiff's complaint is perfunctory, [he] appears to assert a right to delivery of physical shares of stock pursuant to SEC Rule 15c3-3 . . ." Notice of Removal, p. 2 (Dkt. 1).

Despite Sandru's objection (Dkt. 24), the Court found removal proper in its September 17, 2013 Memorandum Decision and Order (Dkt. 32). Also in that Order, the Court granted Ameritrade's Motion to Compel Arbitration (Dkt. 7) and administratively closed the case, subject to re-opening by either party "if any issues related to the arbitration arise that can appropriately be brought to the Court for resolution." (Dkt. 32).

The parties submitted to binding arbitration with the Financial Industry Regulatory Authority ("FINRA") in October, 2013. Sandru requested relief for: $1159.90 in compensatory damages; $48,000 in punitive damages; $600 in arbitration costs; and specific performance ordering Ameritrade to "[c]ease and desist ownership rights violation" and "[r]egister and certify 60,000 [Bancorp] shares." Daniels Dec., Ex. 1, ¶ 35., p. 8 (Dkt. 36, Att. 1). On August 5, 2014, the arbitrator denied Sandru's claims "in their entirety," including "all other relief requests." *Id.*, Ex. 2, p. 1 (Dkt. 35-2, p. 44).

**MEMORANDUM DECISION & ORDER - 2**

On October 9, 2014, Sandru filed the at-issue Motion to Reopen, claiming "the arbitrator failed to enforce [Sandru's] ownership rights." (Dkt. 33, p.1). Since filing that Motion, Plaintiff has submitted numerous briefs and documents, many of which are not allowed for by the Court's Rules. *See, e.g.*, Dkts. 39, 42, 43. However, the Court has considered Sandru's arguments, which focus on his dissatisfaction with the arbitrator's decision, his insistence that this Court may provide relief despite the arbitration award, and his argument that he should prevail on the merits because Ameritrade has deprived him of a property right guaranteed by the Constitution. The Court also has considered Ameritrade's appropriately submitted responses to Sandru's extra filings. Although less attention has been paid by the parties, also at issue is Ameritrade's Motion to Confirm the Arbitration Award.

The Court has considered the pending disputes consistent with the limited review permitted to a federal court in reviewing an arbitration award, and with due regard to the parties' relative burdens of proof in such a setting. For the reasons described to follow, the Court will confirm the arbitration award and deny Sandru's request to reopen the case.

**MEMORANDUM DECISION & ORDER - 3**

## DISCUSSION

### A.  Legal Standards

A federal court's review of an arbitration award under the Federal Arbitration Act ("FAA") is "extremely limited."  *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003).  "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award . . . . "  *Bosack v. Seward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (internal quotation marks omitted).  Rather, the FAA limits the vacatur of an award to four circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of any misbehavior by which the rights of the parties have been prejudiced; or (4) where the arbitrators exceeded their powers.  9 U.S.C. § 10(a).  "Section 10(a)'s limited grounds are designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures."  *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) (citation and internal quotation marks omitted).  "The burden of establishing grounds for vacating an arbitration award" is on Sandru as "the party seeking it".  *Id.*

In considering Sandru's burden, the Court is mindful that he is appearing *pro se* in this case.  However, that status "does not relieve [Sandru] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Shaw v. Lehman Bros. Bank, FSB*, CV09–40–S–BLW, 2009 WL 1521566 *1 (D.Idaho May 28, 2009) (citing *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D.Nev. 2002)).  Although

**MEMORANDUM DECISION & ORDER - 4**

the Court has afforded Sandru "the benefit of any doubt," *Shaw*, 2009 WL 1521566 *1 (citing *Wanxia LIAO v. Ashcroft*, No. C 08–2276 PJH, 2009 WL 636116, *2 (N.D.Cal. 2009)), it also has applied the appropriate legal standards and requirements for vacating an arbitration award.

**B.      Sandru Has Not Identified Any Grounds That Would Allow This Court to Reopen This Case and Vacate the Arbitration Award**

Sandru's Motion to Reopen and associated briefing primarily focus on the merits of his claims; his burden initially, however, is to establish a basis for vacating an FAA arbitration award. He asserts that his "statutorily created property rights" and Ameritrade's "statutory obligations remain intact, but unenforced." Dkt. 33, p. 2. He relies on the Fifth Amendment[1] and the Idaho Constitution to argue that Ameritrade deprived him of a state created property right by failing to issue certificates for his Bancorp stock and make Sandru a "directly registered shareholder". *See* Dkt. 34, pp. 2-3. Sandru's briefing also reiterates his argument that his claims arise under state law and are not barred by the statute of limitations. *Id.* at pp. 3-9.

However, this case has gone through binding arbitration and the only relevant issues under applicable law are whether one of four circumstances exists to allow this Court to vacate the arbitration award, *e.g.*, whether (1) the award was procured by

---

[1] Even if Sandru's constitutional claims could properly be considered, the Court notes that there is no suggestion that his claims have merit in light of the fact that the Fifth Amendment due process clause applies to conduct of the federal government. *See, e.g.*, *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

**MEMORANDUM DECISION & ORDER - 5**

corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of any misbehavior by which the rights of the parties have been prejudiced; or (4) the arbitrators exceeded their powers.  9 U.S.C. § 10(a).  None of Sandru's arguments demonstrates any of these circumstances.  Importantly, the Court may not review an arbitration award for "erroneous legal conclusions [or to determine if there were] unsubstantiated factual findings."  *Bosack*, 586 F.3d at 1102 (internal quotation marks omitted).   Yet, that is precisely what Sandru is asking the Court to do – reconsider the merits of his substantive legal arguments – but the "FAA provides no authorization for a merits review."  *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012).

In a response memorandum, Sandru raises an additional argument that the arbitration award is "empty" because the arbitrator did not provide a reason for his decision and because the arbitrator has no authority to deprive plaintiff of "his property right".[2]  Dkt. 37, p. 3.  Essentially, Sandru argues that the arbitrator did not have authority to issue the arbitration decision.[3]  To the extent Sandru is attempting to argue that the

---

[2] Sandru argues that "he has not asked for the award to be vacated because the award is empty, there is nothing to vacate."  Pl.'s Mem. (Dkt. 37, p. 2).

[3] Sandru also argues that the injunctive relief he requests is not available in arbitration, but only through the Court, *see* Dkt. 43, because Ameritrade took this position in other litigation, *see* Dkt. 43-2, and because rules from the Securities Exchange Commission do not allow for an injunction to be issued to enforce certain SEC rules.  First, Ameritrade did not argue that an arbitrator cannot provide for injunctive relief, but rather that it could not provide the relief ordered in that particular case.  Second, Sandru does not point the Court to binding authority (from a court order or opinion) to support

**MEMORANDUM DECISION & ORDER - 6**

arbitrator exceeded his powers, that requires the arbitrator to have not "merely interpret[ed] or appl[ied] the governing law incorrectly," the award must be "completely irrational, or exhibit[] a manifest disregard of law." *Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727, 731 (9th Cir. 2006) (citation and internal quotation marks omitted). Additionally, "[a]rbitrators are not required to set forth their reasoning supporting an award." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009).[4] Moreover, to demonstrate that the arbitrator acted with manifest disregard, Sandru, as "the moving party must show that the arbitrator underst[oo]d and correctly state[d] the law, but proceed [ed] to disregard the same." *Bosack v. Soward*, 586 F.3d 1096, 1104-05 (9th Cir. 2009) (citations and internal quotation marks omitted; alterations in original). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Id.* (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004) (internal quotation marks omitted). Sandru has failed to point to any evidence of this in the record.

Finally, Sandru relies on other recent cases in which individuals similarly situated to him have prevailed on similar claims in arbitration. Ameritrade points out that there

---

this position. *See also* Dkt. 44, pp. 5-7 (discussing FINRA rules and relevant case law).

[4] Indeed, one arbitration award issued in favor of similarly-situated plaintiffs against Ameritrade, on which Sandru relies to support his argument that the arbitration award in this case should be overturned, is very similar in format and brevity to the arbitration award in this case, except that Ameritrade was on the losing end of that particular award. *See, e.g.*, Dkt. 39-2 (*Kelley v. TD Ameritrade, Inc.*, Case No. 14-01410)..

**MEMORANDUM DECISION & ORDER - 7**

are two cases in which arbitrators have required Ameritrade to deliver stock certificates, but in over 50 other cases, arbitrators have rejected claims similar to Sandru's.  *See* Dkt. 50, p. 4.  Moreover, the *Haviland* case, on which Sandru relies, was a case in which the individual seeking issuance of stock certificates was seeking to confirm an arbitration award in his favor.  *See Haviland v. TD Ameritrade, Inc.*, CV15-00611-PHX-NVW (D. Az. Aug. 10, 2015); Dkt. 49, Ex. XYZ.  The court confirmed the award.  Here, however, Sandru is challenging the arbitration award issued in favor of Ameritrade, and Sandru bears the burden of demonstrating the award is improper.  The fact that another court upheld an arbitration award against a challenge by Ameritrade does not mean Sandru has met his burden here to demonstrate the existence of one of the circumstances allowing the Court to overturn the particular arbitration award in this case.

**C.**     **The Arbitration Award is Confirmed.**

The Court "must affirm an order to confirm an arbitration award unless it can be vacated, modified, or corrected as prescribed by the FAA."  *Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727, 731 (9th Cir. 2006) (citing *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 1000 (9th Cir.2003) (en banc) ("hold[ing] that a federal court may only review an arbitral decision on the grounds set forth in the [FAA]" and that the "parties have no power to alter or expand those grounds")).  As discussed above, the Court may vacate an award only if the arbitrator engages in misbehavior that prejudices a party, or if the arbitrator exceeds his powers in rendering such an award.  9 U.S.C. § 10(a)(3)-(4).  Sandru has not met his burden to

**MEMORANDUM DECISION & ORDER - 8**

satisfy any of the grounds specified in the FAA for a court to vacate or modify the arbitration award, and the award must be confirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Reopen Case (Dkt. 33) is DENIED.

2) Defendant's Motion to Confirm the Arbitration Award (Dkt. 35) is GRANTED.

3) Defendant's Motion for Leave to File Sur-Reply (Dkt. 47) is MOOT.

4) Defendant's Motion for Leave to File Sur-Reply (Dkt. 52) is MOOT.

DATED: **September 22, 2015**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge